■ In the Matter of CAROL B., Appellant, v SANFORD B., Respondent. [865 NYS2d 194]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about July 25, 2007, which, in a proceeding to recover alleged child support arrears, denied petitioner mother's objection to that part of an October 19, 2006 Support Magistrate's order determining that a six-year statute of limitations period applies, and granted respondent father's objection to that part of the same order directing him to pay child support arrears in the amount of $17,669.25, unanimously affirmed, without costs.

Family Court properly determined that, under the plain terms of the separation agreement, which was incorporated but not merged into the judgment of divorce, the father owed no additional support payments. In any event, for more than 17 years after the separation agreement was executed, the mother accepted the father's support payments without raising any objections. The parties' course of conduct under a contract is persuasive evidence of their agreed intention (*see Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]). In view of the foregoing, we need not address the mother's remaining contention that the 20-year statute of limitations in CPLR 211 (e) applies, not the six-year statute in CPLR 213 (1). Concur—Saxe, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.